**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21226

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION**

| | |
|---|---|
| Heather Solomon, individually and on behalf of all others similarly situated, | Case No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| Financial Recovery Services, Inc. and Cavalry SPV I, LLC, | |
| Defendants. | |

Plaintiff Heather Solomon, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendants Financial Recovery Services, Inc. and Cavalry SPV I, LLC as follows:

**INTRODUCTION**

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

1

3. This court has jurisdiction over defendants Financial Recovery Services, Inc. and Cavalry SPV I, LLC because they regularly conduct and transact business in this state, and the conduct complained of herein occurred in this Judicial District.

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5. Plaintiff Heather Solomon ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7. Defendant Financial Recovery Services, Inc. ( "FRS" ) is a company existing under the laws of the State of Minnesota, with its principal place of business in Edina, Minnesota.

8. FRS has transacted business within this state as is more fully set forth hereinafter in this Complaint.

9. FRS regularly collects or attempts to collect debts asserted to be owed to others.

10. FRS is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of FRS's business is the collection of such debts.

12. FRS uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13. FRS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. Defendant Cavalry SPV I, LLC ( "SPV" ) is a company existing under the laws of the State of New York, with its principal place of business in Valhalla, New York.

15. SPV has transacted business within this state as is more fully set forth hereinafter in this Complaint.

16. SPV regularly collects or attempts to collect debts asserted to be owed to others.

17. SPV is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18. The principal purpose of SPV's business is the collection of such debts.

19. SPV uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20. SPV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. The acts of Defendants as described in this Complaint were performed by Defendants or on Defendants' behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to Defendants in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

22. Defendants allege that SPV purchased a defaulted consumer debt owed by Plaintiff totaling $8,264.96 ("the alleged Debt").

23. Plaintiff did not owe $8,264.96 ("the Claimed Amount") to SPV.

24. Plaintiff did not owe money to SPV.

25. Plaintiff was never indebted to SPV.

26. Plaintiff did not owe the alleged Debt to SPV.

27. SPV never offered to extend credit to Plaintiff.

28. SPV never extended credit to Plaintiff.

29. Plaintiff was never involved in any transaction with SPV.

30. Plaintiff never entered into any contract with SPV.

31. Plaintiff never did any business with SPV.

32. Plaintiff was never advised by anyone that the alleged Debt was sold to SPV.

33. Plaintiff was never advised by anyone that the alleged Debt was assigned to SPV.

34. Plaintiff was never advised by anyone that the alleged Debt was transferred SPV.

35. Plaintiff was never advised by anyone that the alleged Debt was acquired by SPV.

36. SPV is a stranger to Plaintiff.

37. The alleged Debt does not arise from any business enterprise of Plaintiff.

38. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

39. At an exact time known only to Defendants, SPV decided to hire FRS to attempt to collect the alleged Debt on SPV's behalf.

40. As part of its utilization of FRS, SPV conveyed information regarding the alleged Debt to FRS.

41. The information conveyed by SPV to FRS included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the entity to which Plaintiff allegedly owed the debt, among other things.

42. SPV's conveyance of the information regarding the alleged Debt to FRS is a "communication" as that term is defined by 15 U.S.C. 1692a(2).

43. In their efforts to collect the alleged Debt, FRS decided to contact Plaintiff by written correspondence.

44. Rather than preparing and mailing such written correspondence to Plaintiff on their own, FRS decided to utilize a third-party vendor to perform such activities on their behalf.

45. As part of their utilization of the third-party vendor, FRS conveyed information regarding the alleged Debts to the third-party vendors by electronic means.

46. The information conveyed by FRS to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the account number, the entity to which Plaintiff allegedly owed the debt, among other things.

47. FRS's conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

48. The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the correspondence to Plaintiff at FRS's direction.

49. That correspondence, dated January 7, 2021, was received and read by Plaintiff. (A true and accurate copy of that correspondence (the "Letter") is annexed hereto as "**Exhibit 1.**")

50. The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

**FIRST COUNT**
**As to SPV**
**Violation of 15 U.S.C. § 1692c(b) and § 1692f**

51. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

52. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

53. FRS does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

54. Plaintiff never consented to SPV's communication with FRS concerning the alleged Debt.

55. Plaintiff never consented to SPV's communication with FRS concerning Plaintiff's personal and/or confidential information.

56. Plaintiff never consented to SPV's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

57. Upon information and belief, SPV has utilized FRS for these purposes thousands of times.

58. SPV utilizes FRS in this regard for the sole purpose of maximizing its profits.

59. SPV utilizes FRS without regard to the propriety and privacy of the information which it discloses to such third-party.

60. SPV utilizes FRS with reckless disregard for the harm to Plaintiff and other consumers that could result from Defendant's unauthorized disclosure of such private and sensitive information.

61. SPV violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the FRS.

62. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

63. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

64. SPV disclosed Plaintiff's private and sensitive information to the FRS.

65. SPV violated 15 U.S.C. § 1692f when it disclosed information about Plaintiff's alleged Debt to the FRS.

66. For the foregoing reasons, SPV violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

**SECOND COUNT**
**As to FRS**
**Violation of 15 U.S.C. § 1692c(b) and § 1692f**

67. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

68. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

69. The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

70. Plaintiff never consented to FRS's communication with the third-party vendor concerning the alleged Debt.

71. Plaintiff never consented to FRS's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

72. Plaintiff never consented to FRS's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

73. Upon information and belief, FRS has utilized a third-party vendor for these purposes thousands of times.

74. FRS utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

75. FRS utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

76. FRS utilizes a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from FRS's unauthorized disclosure of such private and

sensitive information.

77. FRS violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

78. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

79. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

80. FRS disclosed Plaintiff's private and sensitive information to the third-party vendor.

81. FRS violated 15 U.S.C. § 1692f when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

82. For the foregoing reasons, FRS violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

### THIRD COUNT
### As to Both Defendants
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

83. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

84. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

85. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

86. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

8

87. An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

88. An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

89. As set forth in paragraphs 22 through 36 of this Complaint, Plaintiff did not owe the Claimed Amount.

90. As set forth in paragraphs 22 through 36 of this Complaint, Plaintiff did not owe money to SPV.

91. As such, Defendants' allegation that Plaintiff owed the Claimed Amount is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

92. Defendants' allegation that Plaintiff owed money to SPV is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

93. Defendants' allegation that Plaintiff owed the Claimed Amount is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

94. Defendants' allegation that Plaintiff owed money to SPV is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

95. Defendants' allegation that Plaintiff owed the Claimed Amount is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

96. Defendants' allegation that Plaintiff owed money to SPV is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

97. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## CLASS ALLEGATIONS

98. Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of New York.

99. Plaintiff seeks to certify a class of:

> i. All consumers where FRS sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.

100. This action seeks a finding that Defendants' conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

101. The Class consists of more than thirty-five persons.

102. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

103. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to

the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

104. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

105. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

c. Finding Defendants' actions violate the FDCPA; and

d. Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

e. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

f. Awarding the costs of this action to Plaintiff; and

g. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

h. Such other and further relief that the Court determines is just and proper.

DATED: June 11, 2021

                                              **BARSHAY, RIZZO & LOPEZ, PLLC**

                                              By:  s/ *David M. Barshay*
                                              David M. Barshay, Esquire
                                              445 Broadhollow Road | Suite CL18
                                              Melville, New York 11747
                                              Tel: (631) 210-7272
                                              Fax: (516) 706-5055
                                              Our File No.: BRL21226
                                              *Attorneys for Plaintiff*

